1  JOSEPH RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  WENDY THOMAS (NYBN 4315420)
   Special Assistant United States Attorney
5
        450 Golden Gate Avenue
6       San Francisco, California 94102
        Telephone: (415) 436-6809
7       Facsimile: (415) 436-7234

8  Attorneys for Plaintiff

9
                        UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                              SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,         )   No. CR 08-408 MAG
                                       )
14 |        Plaintiff,                 )
                                       )   PLEA AGREEMENT
15 |   v.                              )
                                       )
16 | JOSE TRINIDAD MAGALLANES-         )
     LOMELI,                           )
17 |        a/k/a Yamil Martinez,      )
            a/k/a Manuel Cortez Lomeli,)
18 |                                   )
            Defendant.                 )
19 |_____)

20      I, Jose Trinidad Magallanes-Lomeli, a/k/a Yamil Martinez, a/k/a Manuel Cortez Lomeli,

21 and the United States Attorney's Office for the Northern District of California (hereafter "the

22 government") enter into this written plea agreement (the "Agreement") pursuant to Rules

23 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

24 The Defendant's Promises

25      1.   I agree to plead guilty to the sole count of the captioned Information charging me with

26 Possession of an Identification Document with Intent to Defraud the United States in violation of

27 18 U.S.C. §1028(a)(4). I agree that the elements of the offense are as follows: (1) I knowingly

28
   PLEA AGREEMENT
   CR      MAG
                                           1

FILED
JUN 2 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 possessed an identification document, authentication feature, or false identification document; (2)
2 that was not an identification document issued lawfully for my use; (3) with the intent that such
3 document or feature be used to defraud the United States. I agree that the maximum penalties are
4 as follows:

5     a. Maximum prison sentence      1 year
6     b. Maximum fine      $100,000
7     c. Maximum supervised release term      1 year
8     d. Mandatory special assessment      $25

9   2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that
10 the following facts are true: On March 26, 2008, in the Northern District of California, I
11 knowingly possessed an identification document purporting to be a California Identification
12 Card, bearing the name Yamil Martinez, numbered D7487469, that was not issued lawfully for
13 my use. I possessed this California Identification Card with the intent to defraud the United
14 States and I knew at that time that it was not issued lawfully for my use.

15   3. I agree to give up all rights that I would have if I chose to proceed to trial,
16 including the rights to a jury trial with the assistance of an attorney; to confront and
17 cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or
18 raise any other Fourth or Fifth Amendment claims; to any further discovery from the
19 government; and to pursue any affirmative defenses and present evidence.

20   4. I agree to give up my right to appeal my conviction, the judgment, and orders of
21 the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,
22 including any orders relating to forfeiture and/or restitution.

23   5. I agree not to file any collateral attack on my conviction or sentence, including a
24 petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any
25 time in the future after I am sentenced, except for a claim that my constitutional right to the
26 effective assistance of counsel was violated.

27   6. I agree not to ask the Court to withdraw my guilty plea at any time after it is
28

PLEA AGREEMENT
CR     MAG

1 entered.

2     7.    I agree that the Court will calculate my sentencing range under the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

    a.    Base Offense Level, U.S.S.G. § 2L2.2(a):    8

    b.    Specific Offense Characteristics    0

    c.    Acceptance of Responsibility: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing:    -2

    d.    Adjusted offense level:    6

I agree that a sentence within the applicable Guideline range is reasonable and that I will not seek a sentence below the applicable Guideline range. I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offense or the sentencing decision. I also agree that the Court is not bound by the Sentencing Guidelines calculations above, the Court may conclude that a higher guideline range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty plea.

    8.    I agree that I will make a good faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my

PLEA AGREEMENT
CR    MAG

3

control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty plea.

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12. The government agrees to move to dismiss any open charges, if any, pending against the defendant in the captioned Information at the time of sentencing.

13. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Information.

Joint Sentencing Recommendation

14. The parties agree jointly to recommend the following sentence, providing the defendant's criminal history is Category I:

    a. A one-year term of probation;

    b. A $500 fine,

    c. A $25 special assessment. I agree to pay this assessment on the day that I am sentenced.

PLEA AGREEMENT
CR    MAG

4

1  If the Court determines that defendant's Criminal History Category is not Category I, the parties
2  agree to the Criminal History Category level determined by the Court and to the applicable
3  Guidelines range, with each party able to argue within the range.
4  The Defendant's Affirmations
5      15.    I confirm that I have had adequate time to discuss this case, the evidence, and this
6  Agreement with my attorney, and that he has provided me with all the legal advice that I
7  requested.
8      16.    I confirm that while I considered signing this Agreement, and at the time I signed
9  it, I was not under the influence of any alcohol, drug, or medicine.
10     17.    I confirm that my decision to enter a guilty plea is made knowing the charges that
11 have been brought against me, any possible defenses, and the benefits and possible detriments of
12 proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no
13 one coerced or threatened me to enter into this Agreement.
14     18.    I confirm that I read this entire plea agreement with the assistance of an interpreter
15 and in the presence of my attorney.
16
17 Dated: **6/24/08**
18                                               JOSE TRINIDAD MAGALLANES-LOMELI
                                              Defendant
19
20                                               JOSEPH P. RUSSONIELLO
                                              United States Attorney
21
22 Dated: **6/24/08**
23                                               WENDY THOMAS
                                              Special Assistant United States Attorney
24     I have fully explained to my client all the rights that a criminal defendant has and all the
25 terms of this Agreement. In my opinion, my client understands all the terms of this Agreement
26 //
27 //
28
PLEA AGREEMENT
CR      MAG

1 | and all the rights he is giving up by pleading guilty, and, based on the information now known to
2 | me, his decision to plead guilty is knowing and voluntary.

4 | Dated: June 24, 2008

STEVE KALAR
Attorney for Defendant

INTERPRETER CERTIFICATION

I, Ellen Rosenthal, hereby certify that I am a certified Spanish [language] interpreter and that I accurately translated this plea agreement to the defendant, he told me that he understood it, and I believe his answer was true and correct.

Dated: 6/24/08

Interpreter's signature

PLEA AGREEMENT
CR    MAG

6